## SUCCESSION OF ORRACH *v.* SUCCESSION OF POLANCO.

### APPEAL from the District Court of Humacao.

No. 479.—Decided November 11, 1910.

APPEAL—STATEMENT OF THE CASE—CONSIDERATION OF THE EVIDENCE BY THE LOWER COURT.—Where an appeal is taken by both parties from the judgment of the trial court, and no statement of the case or bill of exceptions is presented by the plaintiff, the appellate court will not disturb the findings of the trial court upon the evidence, but must affirm the judgment without prejudice to the decision that may be rendered in the appeal taken by the defendant.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellants.

*Mr. Antonio Sarmiento* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal taken by the plaintiffs on November 8, 1909, from a judgment rendered by the District Court of Humacao on November 3, 1909, in suit No. 833 of the docket of said court.   It appears from the record that the following proceedings were had in the case.

Under date of March 6, 1906, Carmen Puig, widow of Orrach, and Monserrate Orrach y Puig filed a complaint before the District Court for the Judicial District of Humacao against the Succession of Jacinto Polanco y Delgado, praying the court in due time to render a judgment containing the following rulings:

First. Declaring null and void the public sale, adjudication and deed of sale of the 100 *cuerdas* of land described in the complaint, for the reason that said acts are illegal and fraudulent and which acts took place in the Court of First Instance of Caguas, in favor of Jacinto Polanco y Delgado, as a consequence of the compulsory proceedings which in said court were prosecuted against Guillermo Orrach Cañellas under the dates and in the manner indicated herein, and declaring, likewise, null and void all the inscriptions originated by the aforesaid public sale, in favor of Jacinto Polanco y Delgado, in the Registry of Property at Caguas.

Second. Declaring also null and void the deeds of bargain and sale of the same 100 *cuerdas* of land, which deeds were executed by Jacinto Polanco y Delgado in favor of a cousin of his, known by the name of Malé Delgado; as well as the deeds that may have been executed by the said Malé Delgado in favor of another person or persons, so as to restore the property to the Succession of Polanco, and the records of the conveyances of ownership that may appear in the registry of property.

Third. Condemning the Succession of Jacinto Polanco y Delgado to restore the property of 100 *cuerdas* of land abovementioned and the profits of natural and industrial products derived therefrom, since April 4, 1867, amounting to $30,000, to the plaintiffs and the other members of the Succession of

Guillermo Orrach Cañellas, to the exclusion of Guillermo Orrach y Puig.

Fourth. Condemning the defendant succession, in case the restitution of the property should not be deemed proper, to indemnify the plaintiffs and the other persons mentioned herein, in the sum of $15,000, which is the present value of the 100 *cuerdas* of land in question.

Fifth. Condemning, besides and at all events, the defendant sucession to pay to the plaintiffs and the other heirs of Guillermo Orrach y Cañellas, to the exclusion of Guillermo Orrach y Puig, the sum of $30,000, as compensation for the damages caused to them by being dispossessed of the 100 *cuerdas* of land referred to, by means of the frauds and illegalities committed by the assignor of the defendants, Jacinto Polanco, in conspiracy with the persons indicated in the complaint; and

Sixth. Condemning the defendants to the payment of the costs.

On answering the complaint, the defendant succession alleged, among other exceptions, that of the prescription of the ownership of the property in question in favor of the defendants and their assignor; and the court, after having heard the evidence and the pleadings of the parties, rendered judgment on November 3, 1909, ordering that the plaintiffs recover from the defendants—that is to say, the Succession of Jacinto Polanco—the sum of $2,695, together with the costs of the proceedings, in accordance with the opinion on which the judgment referred to is based.

In said opinion, the lower court declares that the ownership of the 100 *cuerdas* of land has been strengthened by the acquisitive prescription in favor of the defendant heirs of Polanco, who have possessed the said land for more than 10 years, in good faith and by a just title of inheritance, while the plaintiffs were present, and that the ownership had also prescribed in favor of Polanco, even if it were admitted that he had not possessed the land in good faith; for, the possession

commenced in 1867, and has not been interrupted since said year. But, the court itself maintains that although the plaintiffs cannot recover the ownership of the property, which is already lost through prescription, they have a right to receive as indemnity the portion belonging to them of the difference between the price of the property at the time it was acquired by Polanco at auction, and the present value of the same; this being the reason why the plaintiffs are to recover from the defendants the sum of $2,695 stated in the judgment.

From said judgment the plaintiffs took an appeal to this Supreme Court, requesting the court, in their brief, to declare the nullity of the compulsory proceedings and public sale of February 22, 1867, and the consequent adjudication and deed of sale of the property referred to, executed by the Court of First Instance of Caguas, in favor of Jacinto Polanco; and to order the Succession of said Polanco, and especially the widow of the latter, Rosalía Santiago, to restore said property to the heirs of Guillermo Orrach Cañellas, together with the profits produced and which ought to have been produced; and to condemn the defendant succession, besides, to pay to the heirs of Orrach y Cañellas, with the exception of Guillermo Orrach y Puig, the sum of $4,663 as an indemnity, with the costs against the defendants and respondents.

No statement of facts has been included in the record and, for this reason, we cannot act in opposition to the consideration of the facts by the lower court according to the doctrine already established in numerous decisions of this court.

This being so, we must accept the judgment rendered by the lower court and affirm the same in deciding the appeal taken by the plaintiffs without prejudice to the decision that may be rendered by this court in deciding the appeal taken from the same judgment by the Succession of Jacinto Polanco.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.